UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-61280-LEIBOWITZ/AUGUSTIN-BIRCH

**COLE ROBERTSON,**

    **Plaintiff,**

v.

**PAYOPIC LLC,** *et al.***,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
RENEWED MOTION FOR DEFAULT FINAL JUDGMENT**

    This cause comes before the Court on Plaintiff Cole Robertson's Renewed Motion for Default Final Judgment. DE 44. The Honorable David S. Leibowitz, United States District Judge, referred the Renewed Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 45. Defendants Payopic LLC, Quincy McKnight, and Niles Morton have not responded to the Renewed Motion, and the deadline for them to do so has passed. The Court has carefully considered the Renewed Motion and the record and is fully advised in the premises. The Court **RECOMMENDS** that the Renewed Motion [DE 44] be **GRANTED**.

    Plaintiff filed a First Amended Complaint pleading claims of violation of the Fair Labor Standards Act ("FLSA"), violation of the Florida Minimum Wage Act ("FMWA"), and breach of contract. DE 27. Judge Leibowitz ordered Defendants to respond to the First Amended Complaint by December 1, 2025. DE 40 at 2. When Defendants failed to do so, the Clerk of Court entered default against them. DE 43. Plaintiff's Renewed Motion followed.

## I.  Liability on Default

A court may enter a default judgment against a party who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation marks omitted). The defaulting defendant does not admit facts that are not well-pleaded or admit conclusions of law. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). A court considering entering a default judgment must ensure that the pleading states a claim upon which relief can be granted. *Id.* (explaining that entry of default judgment is warranted only if the pleading contains well-pled allegations of fact that would be sufficient to survive a motion to dismiss for failure to state a claim).

A complaint states a claim upon which relief can be granted when it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Surtain*, 789 F.3d at 1245–48 (applying the plausibility pleading standard to evaluate whether a plaintiff's complaint stated claims on which she was entitled to entry of a default judgment). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.* The Court therefore evaluates the First Amended Complaint to determine whether Plaintiff has plausibly stated his claims.

### A. FLSA Liability

Under the FLSA, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" the federal minimum wage of $7.25 per hour. 29 U.S.C. § 206(a). An employer who fails to pay the federal minimum wage "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." *Id.* § 216(b).

An employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee," and an employee is "any individual employed by an employer." *Id.* § 203(d), (e)(1). "'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." *Id.* § 203(b). "'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose . . . ." *Id.* § 203(r)(1). An enterprise is engaged in commerce or in the production of goods for commerce when it (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) has "annual gross volume of sales made or business done [of] not less than $500,000." *Id.* § 203(s)(1)(A).

Plaintiff pled that he worked for Defendant Payopic LLC as an account executive. DE 27 ¶¶ 8–9, 12. Defendants Quincy McKnight and Niles Morton are Defendant Payopic LLC's

3

officers and exercised operational control over Plaintiff's employment, such that they were also Plaintiff's employers for the purpose of applying the FLSA. *Id.* ¶¶ 6–9, 22; 29 U.S.C. § 203(d) (defining "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"). Plaintiff was engaged in commerce as part of his employment in that he regularly used instrumentalities of interstate commerce to perform his job. DE 27 ¶ 11. For example, he had telephone, email, and video communications with prospective clients in multiple states and participated in telemarketing directed toward out-of-state business. *Id.* Further, Defendants are an enterprise engaged in commerce in that they provide payment-processing and financial-technology services nationwide and handle transactions across state lines. *Id.* ¶ 10. Defendants' annual gross volume of sales exceeds $500,000. *Id.* Defendants did not pay Plaintiff any salary from December 15, 2024, through the end of his employment in May 2025. *Id.* ¶¶ 14–15, 18–19, 21.

Through these allegations, Plaintiff plausibly pled a claim against Defendants for violation of the FLSA. Defendants admitted the allegations through their default. Defendants are liable for violating the FLSA, and Plaintiff should receive default final judgment on his FLSA claim.

### B. FMWA Liability

Under Florida law, "[e]mployers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida." Fla. Const. art. 10, § 24(c); *see also* Fla. Stat. § 448.110 (provisions of the FMWA implementing Section 24 of Article 10 of the Florida Constitution). Between September 30, 2024, and September 29, 2025, the Florida minimum wage was $13 per hour. *See* Fla. Const. art. 10, § 24(c) (increasing the Florida minimum wage by $1 per hour each

September 30th until the minimum wage reaches $15 per hour). An employee who is not paid the Florida minimum wage and who gives the employer written pre-suit notice may bring a civil action and, if prevailing, "shall recover the full amount of any unpaid back wages unlawfully withheld plus the same amount as liquidated damages." Fla. Stat. § 448.110(6)(a), (c)(1). To prevail on an FMWA claim, a plaintiff must establish the same elements needed to prevail on an FLSA claim. *Chavez v. Grill Enters., LLC*, No. 20-22603-Civ, 2022 WL 1642757, at *9 (S.D. Fla. Jan. 31, 2022).

Plaintiff pled that he provided Defendants pre-suit notice as the FMWA requires. DE 27 ¶ 25. Having plausibly pled the elements of an FLSA claim, Plaintiff has plausibly pled the remaining elements of an FMWA claim. Defendants admitted Plaintiff's allegations through their default. Defendants are liable for violating the FMWA, and Plaintiff should receive default final judgment on his FMWA claim.

### C. Breach-of-Contract Liability

The elements of a breach-of-contract claim under Florida law are a valid contract, a material breach, and damages. *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999). Plaintiff pled that he and Defendant Payopic LLC "entered into a written employment agreement which promised Plaintiff a salary of $75,000 annually, commissions, and health insurance reimbursement." DE 27 ¶ 29. "Plaintiff fully performed his duties under the agreement by working full-time through May 2025." *Id.* ¶ 30. But Defendant Payopic LLC "breached the agreement by failing to pay salary, commissions, or health benefits after December 14, 2024." *Id.* ¶ 31. Plaintiff suffered damages due to the breach. *Id.* ¶ 32.

Through these allegations, Plaintiff plausibly pled a claim against Defendant Payopic LLC for breach of contract. Defendant Payopic LLC admitted the allegations through its default. Defendant Payopic LLC is liable for breach of contract, and Plaintiff should receive default final judgment on his breach-of-contract claim.

## II.   Damages on Default

Turning to the amount of the default judgment, "allegations relating to the amount of damages are not admitted by virtue of default," and "the Court determines the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co.*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). A court may conduct an evidentiary hearing before entering default judgment if a hearing is needed to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). But an evidentiary hearing is not a *per se* requirement of entry of default judgment. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). No hearing is needed "where all essential evidence is already of record." *Id.* That evidence may take the form of affidavits. *Carlisle v. Nat'l Com. Servs., Inc.*, 722 F. App'x 864, 870 (11th Cir. 2018); *see also Brown v. Everest Moving & Storage, Inc.*, No. 12-62530-CIV, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013) ("Affidavits based on personal knowledge can be sufficient evidence to establish damages.").

### A. FLSA and FMWA Damages

Plaintiff avers in a sworn declaration that Defendants did not pay him any salary from December 15, 2024, through April 30, 2025. DE 44-1 at 2. During this period of time, he worked approximately 40 hours per week for approximately 19 weeks. *Id.* The Florida

minimum wage at that time was $13 per hour. *See* Fla. Const. art. 10, § 24(c). Plaintiff's minimum wage damages are $9,880 ($13 per hour x 40 hours per week x 19 weeks = $9,880).

Under both the FLSA and the FMWA, a plaintiff may receive liquidated damages in the amount of his unpaid minimum wages. 29 U.S.C. § 216(b); Fla. Stat. § 448.110(6)(c). A defendant may demonstrate that the court should not award liquidated damages by showing that the defendant acted in good faith and with reasonable grounds for believing that it was not violating the law. 29 U.S.C. § 260; Fla. Stat. § 448.110(6)(c). But as Defendants have defaulted, they have not demonstrated that the Court should not award Plaintiff liquidated damages in the amount of his minimum wage damages. Plaintiff's liquidated damages are $9,880. Plaintiff should receive judgment in the amount of $19,760 against Defendants jointly and severally for damages under the FLSA and FMWA.

## B. Breach-of-Contract Damages

Plaintiff avers in his sworn declaration that his employment agreement with Defendant Payopic LLC provided for an annual salary of $75,000. DE 44-1 at 2. He was paid semi-monthly, meaning that he should have been paid $3,125 per pay period ($75,000 ÷ 24 pay periods = $3,125). *Id.* He did not receive his salary for nearly 9.5 pay periods, such that his unpaid salary damages are $29,625.[1] *Id.*

An FLSA claim and a breach-of-contract claim may be pled as alternative legal theories to recover wages. *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1348 (11th Cir. 1994). But a plaintiff "may not recover twice for the same violation." *Id.* "[C]ourts have held that the plaintiff is not entitled to an award of both unpaid wages and unpaid minimum wage

---

[1] Plaintiff's unpaid salary damages for a full 9.5 pay periods would total $29,687.50 ($3,125 per pay period x 9.5 pay periods = $29,687.50). However, Plaintiff claims only $29,625 in unpaid salary damages. DE 44-1 at 2.

7

compensation, but rather is entitled to the greater of the two amounts." *McMahon-Renz v. Promark Data & Media Grp.*, No. 10-81547-CIV, 2011 WL 13319092, at *1 (S.D. Fla. Aug. 31, 2011), *report & recommendation adopted*, 2011 WL 13319093 (S.D. Fla. Sept. 22, 2011); *see also Suarez v. Marbridge Restoration, LLC*, No. 24-22780-CIV, 2025 WL 1433626, at *6 (S.D. Fla. Mar. 6, 2025) ("While Plaintiff is entitled to recover for breach of contract, he cannot recover double damages, as his FLSA claim arises from the same injury."). As Plaintiff is recovering $9,880 in unpaid salary through his damages for his FLSA and FMWA claims, his unpaid salary damages for his breach-of-contract claim should be reduced to $19,745 to avoid double recovery ($29,625 - $9,880 = $19,745).

Plaintiff also avers in his sworn declaration that his employment agreement with Defendant Payopic LLC provided for the reimbursement of his health insurance premiums. DE 44-1 at 2. Defendant Payopic LLC did not reimburse him for health insurance premiums in the amount of $714.66. *Id.* Plaintiff's breach-of-contract damages total $20,459.66. Plaintiff should receive judgment in the amount of $20,459.66 against Defendant Payopic LLC for breach of contract.

### III.   Recommendation

The Court recommends that Plaintiff's Renewed Motion for Default Final Judgment [DE 44] be **GRANTED**. The Court recommends that default final judgment be entered against Defendants and in favor of Plaintiff. The Court recommends that Plaintiff receive judgment in the amount of $19,760 against Defendants jointly and severally for damages under the FLSA and FMWA and that Plaintiff receive judgment in the amount of $20,459.66 against Defendant Payopic LLC for breach of contract.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 6th day of January, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE