**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-61280-LEIBOWITZ/AUGUSTIN-BIRCH**


COLE ROBERTSON,

     **Plaintiff,**

v.

PAYOPIC LLC, *et al.*,

     **Defendants.**

                                 /

### REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS

This matter comes before the Court on Plaintiff Cole Robertson's Verified Motion for Attorney's Fees and Costs.  DE 50/DE 53.[1]  Defendants did not respond to the Verified Motion, and their time to respond has passed.  The Honorable David S. Leibowitz, United States District Judge, referred the Verified Motion to the undersigned United States Magistrate Judge for a report and recommendation.  DE 51.

The Court has carefully considered the Verified Motion and the record and is fully advised in the premises.  For the reasons set forth below, the Court recommends that the Verified Motion be **GRANTED IN PART AND DENIED IN PART**.  The Court recommends awarding Plaintiff $8,276.35, consisting of $7,650 in attorney's fees and $626.35 in taxable costs, against Defendants, jointly and severally.

---

[1] Plaintiff filed the Verified Motion at docket entry 50 and then refiled the Verified Motion complete with attachments at docket entry 53.

### I.      Attorney's Fees

Plaintiff filed this lawsuit against Defendants, his former employers, for violations of the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA") and for breach of contract.  DE 1.  After Defendants failed to participate in the lawsuit, Judge Leibowitz entered default final judgment in favor of Plaintiff and against Defendants.  DE 48.

A court presiding over an FLSA case "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."   29 U.S.C. § 216(b).   The FLSA "makes fee awards mandatory for prevailing plaintiffs."  *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Similarly, a prevailing plaintiff in an FMWA case "shall be awarded reasonable attorney's fees and costs." Fla. Stat. § 448.110(6)(c).  A party is prevailing when it "has been awarded some relief by the court," for example through a judgment on the merits.  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603–04 (2001).  A prevailing party's reasonable attorney's fees may include fees that it incurred to litigate a fee award.  *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003).

Here, Plaintiff is the prevailing party because he obtained default final judgment against Defendants.  Under the FLSA and the FWMA, the Court must award him his reasonable attorney's fees and costs.  Reasonable attorney's fees are calculated by determining the lodestar, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The fee applicant bears the burden of documenting appropriate hours and hourly rates.  *Id.* at 1303.

#### A.  Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."

*Id.* at 1299.  Plaintiff asks that his counsel, Attorney Robert S. Norell, be compensated at the hourly rate of $450, which is the hourly rate provided for in Plaintiff's representation agreement with Attorney Norell.

In support of an hourly rate of $450, Attorney Norell declares under penalty of perjury that he has practiced law for more than thirty years and concentrates his practice in employment litigation that includes FLSA matters.  DE 53-1 at 1 ¶ 2.  He performed work for this case at the rate of $450 per hour, and his current hourly rate is $475.  *Id.*  Attorney Norell does not provide additional information about his background, experience, skills, or reputation.  He states that he believes an hourly rate of $450 is in line with prevailing market rates in South Florida.  *Id.*  But he does not provide any evidence or authority to support that belief.

The Court has considered Attorney Norell's experience practicing for over three decades and his concentration in employment litigation.  The Court has considered its experience with Attorney Norell as well, as he has appeared before the undersigned in several cases.

Further, less than two years ago, the Court evaluated Attorney Norell's reasonable hourly rate in a different FLSA case.  There, the Court recommended compensating Attorney Norell at the reasonable hourly rate of $400 for work he performed during 2023 and 2024.  *Thompson v. Regions Sec. Servs., Inc.*, No. 0:20-CV-62152, 2024 WL 4729045, at *6 (S.D. Fla. Oct. 11, 2024), *report & recommendation adopted*, 2024 WL 4723102 (S.D. Fla. Nov. 8, 2024).  And in 2023, a District Judge in this District compensated Attorney Norell at the reasonable hourly rate of $425 for work he performed in an FLSA case in which the defendants defaulted.  *Gilot v. Green Cross Home Care Servs., Inc.*, No. 22-cv-23082, 2023 WL 2714098, at *1 (S.D. Fla. Mar. 30, 2023) ("The Plaintiff's lawyer, Robert Norell—who has 29 years of experience in employment law and has litigated more than 450 FLSA cases—charges $425.00 per hour.  In the Southern District of

3

Florida, $425.00 is a reasonable hourly rate for a lawyer with Mr. Norell's level of experience." (citation omitted)).

An increase from these approved rates from a few years ago is appropriate to adjust for Attorney Norell's greater level of experience and for inflation. The Court recommends approval of a reasonable hourly rate of $450 for Attorney Norell's work on this case.

### B. Hours Reasonably Expended

In determining the number of hours reasonably expended, a court should exclude excessive, redundant, and unnecessary hours. *Norman*, 836 F.2d at 1301. Plaintiff asks that Attorney Norell be compensated for 19 hours of work. Attorney Norell substantiates that request with a copy of his billing statement reflecting his work on this case. DE 53-1 at 6–9.

The Court has reviewed that billing statement and concludes that, for the most part, it reflects reasonableness in billing and exclusion of excessive, redundant, and unnecessary hours. Defendants appeared in this case before defaulting, and so communicating with them and keeping Plaintiff updated about the status of the case required Attorney Norell's time. Attorney Norell also prepared material for Plaintiff to request entry of default final judgment and to file the instant Verified Motion.

There are two areas where the Court recommends reducing the hours for which Attorney Norell seeks compensation. The first is that, on July 17, 2025, Attorney Norell billed 0.3 hours to review CM/ECF filing notifications for returns of service that he himself had just filed. *Id.* at 6. This billing was unreasonable.

Second, in October of 2025, the undersigned held a hearing on Plaintiff's then-pending motion for default final judgment. The purpose of that hearing was for the Court to point out that the Complaint did not plausibly plead the existence of individual or enterprise coverage under the FLSA, that Plaintiff calculated his damages using an incorrect minimum wage, and that he

impermissibly sought double recovery.  During that hearing, Attorney Norell agreed to amend the Complaint and the motion for default final judgment.  On October 21, 2025, he billed 1.7 hours to attend the hearing and for work on amending the Complaint.  He billed that time for the purpose of correcting Plaintiff's errors.  Defendants should not be responsible for compensating Attorney Norell for that time.

Finally, while the Court must award Plaintiff reasonable attorney's fees under the FLSA and the FWMA, he has provided no evidence or authority showing why the Court should award him attorney's fees for time that Attorney Norell spent litigating the breach-of-contract claim.  But having reviewed the record and Attorney Norell's billing statement, the Court concludes that the time he dedicated solely to the breach-of-contract claim likely was negligible.  The Court does not recommend reducing the billed time due to the breach-of-contract claim.

In summation, the Court recommends reducing the 19 hours reflected in Attorney Norell's billing statement by 2 hours and awarding Plaintiff attorney's fees for 17 hours of work.  Applying an hourly rate of $450, Plaintiff's attorney's fees award should be $7,650.

## II.     Taxable Costs

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Federal statute lists the types of costs that a court may tax.  28 U.S.C. § 1920.  Plaintiff requests two types of costs.

First, Plaintiff asks to tax the $405 filing fee.  Fees of a clerk of court are taxable. *Id.* § 1920(1).  The Court recommends awarding Plaintiff that fee.

And second, Plaintiff asks to tax $221.35 in fees for service of process.  Marshal fees are taxable. *Id.*  If a party hires a private process server to serve process, those fees are also taxable as long as the private process server's fees do not exceed the cost of marshal service. *U.S. E.E.O.C.*

*v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The cost of marshal service is $65 per hour for each item served. 28 C.F.R. § 0.114(a)(3). Here, Plaintiff paid a private process server $221.35 to serve three Defendants. For two of the Defendants, the private process server attempted service at three addresses. DE 53-1 at 9. Considering the time required for multiple attempts at service, the private process server's fees are reasonable. The Court recommends awarding Plaintiff those fees. In conclusion, the Court recommends awarding Plaintiff $626.35 in taxable costs.

### III.    Recommendation

For the foregoing reasons, the Court recommends that Plaintiff Verified Motion for Attorney's Fees and Costs [DE 50/DE 53] be **GRANTED IN PART AND DENIED IN PART**. The Court recommends awarding Plaintiff $8,276.35, consisting of $7,650 in attorney's fees and $626.35 in taxable costs, against Defendants, jointly and severally.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 2nd day of June, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

6